**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

PHILLIP E.W. [1]                                                               Case No. 3:23-cv-303

        Plaintiff,
v.                                                                                              Bowman, M.J.


COMMISSIONER OF SOCIAL SECURITY,

        Defendants.

**MEMORANDUM OF OPINION AND ORDER**

Plaintiff Phillip E.W.. filed this Social Security appeal in order to challenge the Defendant's finding that he is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents two claims of error, all of which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability is AFFIRMED, because it is supported by substantial evidence in the administrative record. The parties have consented to the jurisdiction of the undersigned magistrate judge. *See* 28 U.S.C. §636(c).

**I. Summary of Administrative Record**

Plaintiff applied for disability insurance benefits (DIB) and Supplemental Security Income ("SSI") in May 2021, claiming disability beginning on August 1, 2020. (Tr. 235-245). His application was denied initially and upon reconsideration. (Tr. 119-128). A telephone hearing was held on October 25, 2022, wherein Plaintiff appeared with

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

counsel and gave testimony before ALJ George Beatty. Vocational Expert Roxanne Benoit also appeared and gave testimony. On November 7, 2022, the ALJ issued a written decision, concluding that Plaintiff was not disabled. (Tr. 14-35).

Plaintiff was born in October 1968 and was 54 years old at the time of the hearing. He graduated high school and had past relevant work as an automobile assembler. (Tr. 26).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "degenerative joint disease and/or osteoarthritis of the left shoulder, peripheral neuropathy, seizure disorder, vitamin B12 deficiency due to alcoholism, chronic kidney disease, peripheral vascular disease." (Tr. 20). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work subject to the following limitations:

> No more than occasional overhead reaching, and no more than frequent reaching in all other directions, with the left upper extremity. No more than frequent balancing. No more than occasional stooping, kneeling, crouching, crawling, or climbing of ramps and stairs. No climbing of ladders, ropes, or scaffolds. No work at unprotected heights, around moving mechanical parts, or operating a motor vehicle.

(Tr. 22).

Based upon his RFC and testimony from the vocational expert, the ALJ concluded that Plaintiff could perform his past relevant work as an auto assembler. (Tr. 26). In the alternative, the ALJ found that Plaintiff could perform other jobs in the national economy including cafeteria attendant, office helper, and housekeeping cleaner. (Tr. 27-28).

2

Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB or SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) improperly evaluating Plaintiff's subjective complaints; and (2) failing to properly determine Plaintiff's RFC. Upon close analysis, I conclude that Plaintiff's assignments of error are not well-taken.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if

substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); see also *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528-29 (6th Cir. 1997) (explaining sequential process); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an

4

impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

### B. The ALJ's Decision is supported by Substantial Evidence

*1. ALJ's Analysis of Plaintiff's Subjective Symptoms*

Plaintiff argues first that the ALJ did not properly evaluate his subjective complaints and failed to properly comply with SSR 16-3p. Specifically, Plaintiff contends that the record evidence supports his subjective complaints and that the ALJ failed to provide a sufficient analysis for finding otherwise. Plaintiff's contentions are unavailing.

An ALJ's assessment of subjective symptoms is generally given great deference. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). In fact, the assessment of subjective symptoms cannot be disturbed "absent a compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The ALJ's assessment of subjective symptoms, formerly referred to as the "credibility" determination in SSR 96-7p, was clarified in SSR 16-3p to remove the word "credibility" and refocus the ALJ's attention on the "extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the individual's record." SSR 16-3p, 2017 WL 5180304, at *2 (October 25, 2017). But SSR 16-3p was not intended to substantially change existing law. *See Banks v. Comm'r of Soc. Sec.*, Case No. 2:18-cv-38, 2018 WL 6060449, at *5 (S.D. Ohio Nov. 20, 2018) (quoting explicit language in SSR 16-3p stating intention to "clarify" and not to substantially "change" existing SSR 96-7p), adopted at 2019 WL 187914 (S.D. Ohio Jan. 14, 2019). Whether described as a "credibility" determination or a "consistency" determination under SSR 16-3p, the ALJ must evaluate the "intensity, persistence, and limiting effects of an individual's symptoms." SSR 16-3p,

2017 WL 5180304, at *7-8 (listing seven factors); see also 20 C.F.R. §§ 404.1529(c), 416.929(c) and former SSR 96–7p. Therefore, it is proper for an ALJ to discount the claimant's testimony where there are inconsistencies and contradictions among the medical records, his testimony, and other evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004).

It remains the province of the ALJ, and not the reviewing court, to assess the consistency of subjective complaints about the impact of a claimant's symptoms with the record as a whole. *See Rogers v. Com'r*, 486 F.3d 234, 247 (6th Cir. 2007). A credibility/consistency determination cannot be disturbed "absent a compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Thus, it is proper for an ALJ to discount the claimant's testimony, as the ALJ did in this case, where there are inconsistencies and contradictions among the medical records, his testimony, and other evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 392 (6th Cir. 2004). Here, the ALJ noted many inconsistencies throughout his opinion. Having closely examined the record presented, the Court finds the ALJ's analysis of Plaintiff's subjective complaints to be substantially supported.

In this regard, in assessing Plaintiff's subjective complaints, the ALJ noted that Plaintiff's statements about the limiting effects of his symptoms were inconsistent with his testimony as well as and the medical record. (Tr. 24). In making this determination, the ALJ properly considered that Plaintiff's inconsistent statement regarding his ability to work while alleging disability, his noncompliance with treatment recommendations and his treatment history.

Specifically, the ALJ noted that Plaintiff testified at the hearing that he had not done any kind of work in "a couple [of] years." (Tr. 24). However, his self-reported Work Background Report indicated that he had been working as recently as March 2022. Id. The ALJ also noted that in terms of his medical treatment, the claimant testified that he continues to wear a sling years after his shoulder surgery. Just two months after Dr. Melton's April 2021 shoulder arthroscopy, however, Dr. Lane noted that the claimant was able to remove his shoulder sling and should pursue physical therapy.  However, treatment notes indicated that Plaintiff was dismissed from physical therapy because he did not return for further treatment, having had two no-show appointments.  The ALJ also noted that Plaintiff's statement that he only wears his recommended support insoles on a monthly basis.  (Tr. 25).  As such the ALJ determined that "it appears that either his condition is not as severe as he implies, or that he is uninterested in effectively pursuing effective treatments for his conditions." (Tr. 25)

With respect to his foot problems, the ALJ also noted that Plaintiff continued to drink alcohol despite his doctor telling him that alcohol use contributes to his neuropathy. (Tr. 25, citing Tr. 699 as of July 2022 still drinking 4-6 drinks a day on weekdays and twice that on weekends); also note R. at 731 ("neuropathy is probably secondary to alcoholism . . . still drinking although he claims he is drinking less . . ."))[2] The ALJ's evaluation of Plaintiff's subjective complaints also included a detailed analysis of the objective medical findings and the opinion evidence. (See Tr. 23-25).

---

[2] As noted by the Commissioner, Plaintiff's alcohol consumption is properly considered by the ALJ for consistency purposes under 20 C.F.R. § 404.1529, not to determine whether substance abuse is itself a contributing factor material to disability, a separate process described in 20 C.F.R. § 404.1535.

Accordingly, the ALJ concluded that Plaintiff has not presented objective medical evidence or clinical findings to establish a medically determinable physical or mental impairment that would result in any greater degree of limitation. Id. As such, the evidence of record generally does not support the alleged loss of functioning and allegations of disability are not persuasive. Id.

In light of the foregoing, the undersigned finds that the ALJ's decision is substantially supported. As noted above, it is Plaintiff's burden to show that the ALJ's findings are unsupported by substantial evidence. Here, Plaintiff argues only that evidence exists from which the ALJ could have a drawn a different conclusion. That is not enough. *See Jones v. Com'r of Soc. Sec*., 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ."). The evidence summarized above easily constitutes "substantial evidence" to support the ALJ's determination that Plaintiff's subjective complaints were not fully consistent with the record. While Plaintiff may disagree with that assessment, he has failed to demonstrate any factual or legal error. A court may not reverse so long as the ALJ's analysis falls within a "zone of choice," a standard that is met here.

*2. RFC Finding*

Plaintiff argues next that the ALJ's RFC for light work is not supported by substantial evidence. In this regard, Plaintiff argues, *inter alia*, that his impairments limit him to standing/walking less than 6 hours as required to perform light work and that the ALJ failed to properly consider his neuropathy. Plaintiff's contentions are unavailing.

8

The RFC is the "most [an individual] can still do despite [his physical and mental] limitations." 20 C.F.R. § 416.945(a)(1). An ALJ determines the claimant's RFC using "all the relevant evidence in [the] case record." Id. Yet it is the claimant's burden to establish his RFC. See id. § 416.945(a)(3) ("In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity."); see also *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (claimant bears the burden of demonstrating a more restrictive RFC); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) ("Plaintiff has the ultimate burden of establishing the existence of disability.").

Here, in formulating Plaintiff's RFC, the ALJ's decision indicates that he properly considered the totality of the record evidence, including objective medical findings, opinion evidence, and Plaintiff's testimony. (Tr. 23-25). With respect to Plaintiff's neuropathy, the ALJ expressly stated:

> The claimant's peripheral neuropathy is substantiated by the August 2019 diagnosis of sensorimotor peripheral polyneuropathy by Antony T. Jacob, M.D., based on EMG results. On multiple occasions between at least November 2020 and April 2022, Tanisha Richmond, DPM, assessed the claimant with peripheral nerve disease, poly- or idiopathic peripheral polyneuropathy, and/or bilateral foot pain. In July 2022, Dr. Akoto assessed the claimant with numbness and tingling in the bilateral feet.

(Tr. 23) (internal citations omitted). The ALJ also considered Plaintiff's hearing testimony noted that he testified that he has numbness, tingling, and pain in his feet, which makes it difficult to stand for extended periods of time. (Tr. 24)

Additionally, as detailed above, the ALJ also considering that Plaintiff's subjective complaints were inconsistent with the record, including Plaintiff's noncompliance with

9

treatment recommendations. In light of the foregoing, the undersigned finds that the ALJ properly evaluated the record in determining Plaintiff's RFC.

As detailed above, the ALJ found that Plaintiff could perform the job of auto assembler, as he performed that job at the light level. (Tr. 26). This was supported by vocational expert testimony. (Tr. 64-65). Plaintiff has not submitted any opinion evidence contradicting the ALJ's RFC finding. *See Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 712 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527) (Plaintiff "does not offer statements from her treating source to rebut those assessments" from the state agency doctors, and the ALJ may rely on that evidence). Moreover, Plaintiff fails to show how the ALJ should have adopted greater functional limitations based on such evidence. To the contrary, the undersigned finds that the ALJ's RFC finding is substantially supported.

### III. Conclusion

For the reasons explained herein, **IT IS ORDERED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and is **AFFIRMED. IT IS FURTHER ORDERED THAT** that this case is **CLOSED**.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge
